## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

VICTOR PAGAN, <u>et al.</u>,

    **Plaintiffs,**

    **v.**

**PFIZER PHARMACEUTICALS, LLC,**

    **Defendant.**

CIVIL NO.  15-1121 (PAD)

### OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiffs initiated this action against Pfizer Pharmaceuticals, LLC, ("Pfizer") in the Bayamón Part of the Puerto Rico Court of First Instance, alleging breach of contract in conformity with a separation plan, and unjust dismissal pursuant to the Puerto Rico Unjust Discharge Act, Law No. 80 of May 30, 1976, P.R. Laws Ann. tit. 29 §§ 185a, <u>et seq</u>.  Pfizer removed the case to this court, essentially relying on the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001-1461.I.

Before the court is plaintiffs' "Motion to Remand for Lack of Jurisdiction and Memorandum of Law in Support Thereof" (Docket No. 16), which Pfizer opposed (Docket No. 20).  Plaintiffs followed up with a "Motion Supplementing Motion to Remand" (Docket No. 22).  Pfizer responded (Docket No. 26).   In addition, Pfizer filed a "Motion to Dismiss and Memorandum of Law" (Docket No. 14), which plaintiffs opposed (Docket No. 25).  For the reasons explained below, the motion to remand is GRANTED.  Therefore, the court will not entertain the merits of the motion to dismiss, which is thus MOOT.

# I.      BACKGROUND

According to the Complaint, plaintiffs were full-time employees of Pfizer.  They worked at Pfizer's manufacturing and packaging plant in Caguas, Puerto Rico.  But effective February 8, 2013, Pfizer transferred or sold its Caguas operations to Neolpharma.  In the process, it informed plaintiffs that if Neolpharma tendered them job offers and they refused to accept, they would not be entitled to benefits under the Pfizer Puerto Rico Separation Plan ("Separation Plan").

Neolpharma eventually made job offers to plaintiffs.  Fearing they could be laid off by Pfizer without receiving involuntary benefits under the Separation Plan, they accepted the offers. Despite having been told that they would not be subject to any changes in terms and conditions of employment, however, plaintiffs now receive 20% less in salary and different employment benefits.

In plaintiffs' view, they were separated involuntarily and without good cause from their positions at Pfizer, and as such, are entitled to the benefits that the Separation Plan provides for employees who are so separated.  To the extent those benefits were denied after filing the corresponding administrative claims with Pfizer, plaintiffs contend their previous employer breached a contractual agreement, and in the alternative, posit to have been terminated without just cause within the meaning of Law No. 80.

# II.      DISCUSSION

A.  Standard of Review

Federal question jurisdiction exists in cases arising under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  One such law is ERISA, which permits a defendant to remove a case to federal court in certain circumstances, even if plaintiff has only claimed relief under state law.  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987).  A federal action

would exist sustaining the removal if the claim involved a plan governed by ERISA.  Otherwise, remand would be appropriate.  See, Aguirre-Santos v. Pfizer Pharmaceuticals, 2013 WL 5724061, *3 (D.P.R. Oct. 2, 2013)(remanding case because the severance benefit scheme at issue was not considered a plan governed by ERISA).

With exceptions not pertinent here, ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting interstate commerce."  29 U.S.C. § 1003(a)(1).  Whether a benefit scheme qualifies as a plan under ERISA is a mixed question of law and fact.  Johnson v. Watts Regulator Company, 63 F.3d 1129, 1132 (1st Cir. 1995).

The text of ERISA affords scant guidance as to what constitutes a covered plan.  O'Connor v. Commonwealth Gas Company, 251 F.3d 262, 266 (1st Cir. 2001).  For that reason, courts look to case precedent in deciding whether a plan exists.  Id.  No single factor or list of factors is determinative, although some factors tend to be more indicative of a plan than others, such as whether an ongoing administrative program is needed to process the claims and pay the benefits. Rodowicz v. Massachusetts Mutual Life Insurance Company, 192 F.3d 162, 170 (1st Cir. 1999).

B.  The Separation Plan

The Separation Plan was enacted to provide severance pay to employees who meet the plan's eligibility requirements and payment conditions (Docket No. 16, Exh. 1 at p. 2).[1]  It provides

---

[1] Specifically, it provides that (1) the employee must work full time or part time (work more than 20 hours per week); (2) the terms and conditions of his/her employment are not otherwise covered by a written agreement; (3) the terms and conditions of his/her employment are not covered by a collective bargaining agreement (unless the agreement specifically provides for coverage under the plan); (4) the employee is not one of the Participating Companies' elected Corporate Officers or eligible under the Executive Long Term Incentive Program; and (5) the employee is not eligible for severance benefits under any other arrangement, plan, agreement, policy or program sponsored by Pfizer, a Participating Company or any of their affiliates (Docket No. 16, Exh. 1 at p. 2).

coverage to employees who are (1) terminated on performance-related grounds, or (2) involuntarily terminated.  Id. at p. 3.  In the end, it calls for severance benefits to be paid in a lump sum, unless the administrator, in his discretion, decides that they will be paid in partial or periodic payments.  Id.  The funds under which severance payments are made come from the general assets of the participating companies, at the time benefits are paid.  Id. at p. 12.

An employee may not receive benefits when termination was "for cause."  As per the plan, a "for cause" termination includes but is not limited to: (1) endangerment or potential endangerment of lives, product safety or Pfizer's reputation; (2) significant breach of Pfizer policy; (3) breaches of security or confidential Pfizer information; (4) illegal appropriation of Pfizer property; (5) destruction of Pfizer property; (6) commission of illegal acts against or which reflect on Pfizer; or (7) similar occurrences.

The determination of an employee's eligibility here is not the kind of ongoing administrative discretion that ERISA governs.  While "not a rote algorithm," the Separation Plan does not require the administrator to make exclusion determinations over time.  Aguirre-Santos, 2013 WL 5724061 at *2.  Unlike in Simas v. Quaker Fabric, 6 F.3d 849 (1999), the "for cause" determination happens once, upfront, largely governed by specific criteria.  See, Aguirre-Santos, 2013 WL 5724061 at *2-3 (concluding that a plan with a similar "for cause" provision was not a plan subject to ERISA).

Similar to the plan in O'Connor, which was held to fall on the non-ERISA side of the line, the Separation Plan specifies how calculations are to be made.  251 F.3d at 262, 267-268.  The formula is straightforward.  Hence, it does not implicate ERISA, for simple arithmetic requires no complicated administrative apparatus either to calculate or to distribute the promised benefit.  Id.

Finally, like in Fort Halifax v. Coyne, 482 U.S. 1, 11-12 (1987), where the purported plan offered a "temporary 'one-time only' lump sum payment," the Separation Plan provides for severance payments to be made in a lump sum.  By way of exception, it allows the administrator to make periodic payments.  But this, by itself, is insufficient to establish that a particular plan is covered by ERISA.  See, Rosario v. Syntex (F.P.), Inc., 842 F.Supp.2d 441, 447 (D.P.R. 2012)(pointing out that "the scheduling of payments does not evoke Congress' purpose in establishing ERISA's protections"); Wells v. General Motors Corp., 881 F.2d 166, 176 (5th Cir. 1989)(finding that an early-retirement incentive program where payment could be made in installments over a two-year period was not ongoing; there was no need for continuing administration).  Akin to the benefits scheme analyzed in Aguirre-Santos, 2013 WL 5724061 at *2-3, the Separation Plan is not governed by ERISA.[2]

### III.     CONCLUSION

Once challenged, the defendant bears the burden of showing that removal is proper.  Danca v. Private Health Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999).  Pfizer has not met this burden.  For that reason, the court lacks jurisdiction over this case.  Plaintiffs' "Motion to Remand for Lack of Jurisdiction and Memorandum of Law in Support Thereof" (Docket No. 16) is GRANTED to the extent it requests remand to state court.  Plaintiffs' "Motion Supplementing Motion to Remand" (Docket No. 22) is NOTED.  Because the case is being remanded, the court will refrain from entertaining Pfizer's "Motion to Dismiss and Memorandum of Law" (Docket No. 14), which is

---

[2] Pfizer alleges that the court in Aguirre-Santos "disregarded" controlling First Circuit authority (Docket No. 26 at p. 3).  It argues the Separation Plan expressly confers discretion on the plan administrator to make determinations "no less than 20 times" and contains "dozens" of other additional opportunities for the plan administrator to exercise discretion in making determinations.  Id.  The First Circuit has directed courts to look to case precedent in deciding whether a plan exists under ERISA.  O'Connor, 251 F. 3d at 266-267. The court in Aguirre-Santos evaluated a scheme involving Pfizer's predecessor, resembling that of the Separation Plan in relevant respects.  The court finds that court's analysis and conclusion persuasive.

Pagan et al v. Pfizer Pharmaceuticals LLC
Civil No. 15-1121 (PAD)
Opinion and Order
Page 6

MOOT.  Judgment remanding the case to the Bayamón Part of the Puerto Rico Court of First

Instance will be entered accordingly.[3]

       **SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of March, 2016.

                                      S/Pedro A. Delgado-Hernández
                                      PEDRO A. DELGADO HERNANDEZ
                                      U.S. DISTRICT JUDGE

---

[3] This ruling does not preclude Pfizer from raising a preemption defense in state court.  See, e.g., Wright v. Gen. Motors Corp., 262 F.3d 610, 615 (6th Cir. 2001)("It may be that this claim is subject to a preemption claim under § 1144(a).  However, we decline to reach that issue because state courts are competent to decide whether ERISA has preempted the state law claims").